FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-00230-RHW <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her applications for Disability Insurance Benefits under Title II and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court

///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

**GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction

Plaintiff filed her applications for Disability Insurance Benefits and Supplemental Security Income on December 10, 2015. AR 68-69. Her alleged onset date of disability is December 1, 2013. AR 235, 243. At application, Plaintiff alleged that plantar fasciitis, asthma, a back injury, posttraumatic stress disorder (PTSD), panic disorder, major depressive disorder, finger pain post fracture, asthma, and chronic back pain limited her ability to work. AR 263. Plaintiff's applications were initially denied on September 1, 2016, AR 146-54, and on reconsideration on November 18, 2016, AR 157-68.

A hearing with Administrative Law Judge ("ALJ") Ilene Sloan was held on December 4, 2017. AR 34-67. Plaintiff appeared and testified at this hearing via telephone, and her attorney was present in the hearing office in Wenatchee, Washington. *Id*. The ALJ also took the testimony of vocational expert Ben McKinney. *Id*. At the hearing, Plaintiff amended her alleged onset date to July 1, 2014. AR 37-38. On June 5, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-28. The Appeals Council denied Plaintiff's request for review on May 6, 2019, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on July 3, 2019. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done

for profit. 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial activity, she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571, 416.971. If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

///

Step four examines whether the claimant's residual functional capacity (RFC) enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v.*

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 40 years old at the amended date of onset. AR 234. She completed her GED and received an associate's degree as a

medical assistant. AR 264, 365, 530. Plaintiff is able to communicate in English. AR 262. Plaintiff has past work as a bank teller, a medical assistant/receptionist, and a newspaper deliveryman. AR 265, 289. Plaintiff reported that she stopped working on November 30, 2013, because of her conditions stating, "I was fired due to my depression missing work." AR 264.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the date of the amended application, July 1, 2014, through the date of her decision, June 5, 2018. AR 15-28.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended date of onset, July 1, 2014 (citing 20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.). AR 17.

**At step two**, the ALJ found Plaintiff had the following severe impairments: major depressive disorder; PTSD; panic disorder; unspecified psychotic disorder; status post finger fracture with open reduction and internal fixation; and L5-S1 herniated disc with impingement (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 17.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18 (citing 20

C.F.R. §§ 404.1520(d), 416.920(d)). AR 18.

**At step four**, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a work at the light exertional level with the following limitations:

> she can stand and/or walk 4 hours in an 8 hour workday. She can sit for 6 hours in an 8 hour workday. She can occasionally climb ramps and stairs. She can never climb ladders, ropes, and scaffolds. She can frequently balance, stoop, kneel, and crouch. She can occasionally crawl. She can frequently reach, handle, finger, and feel. She should avoid concentrated exposure to extreme heat, cold, humidity, vibration, fumes, odors, dusts, gases, and poor ventilation. She should avoid concentrated exposure to hazards such as moving machinery and unprotected heights. She is able to understand, remember, and carry out simple, routine tasks as well as well learned, familiar, semi-skilled tasks. She can have occasional and superficial contact with the general public, coworkers, and supervisors. She is able to adapt to routine changes in the work environment.

AR 20 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)). The ALJ found that Plaintiff was unable to perform her past relevant work as a medical assistant. AR 26.

**At step five**, the ALJ found that, in light of her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of production assembler, electronics worker, and mail clerk. AR 27-28. Based on this step five determination, the ALJ found that Plaintiff had not been under a disability, as defined in the Act,

///

from July 1, 2014, through the date of the decision, June 5, 2018. AR 23 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) failing to properly weigh the medical opinion evidence; (2) failing to find that Plaintiff's impairments met or equaled a listing at step three; (3) failing to properly consider Plaintiff's symptom statements; and (4) failing to make a proper step five determination.

## VII. Discussion

**A. Plaintiff has not established that the ALJ failed to properly weigh the medical opinion evidence.**

Plaintiff challenges the weight the ALJ gave to the opinion of Rebekah A. Cline, Ph.D. and Kirsten R. Nestler, M.D. ECF No. 11 at 12-13.[1]

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those

---

[1] Plaintiff discussed other opinions in the record, but did not argue that the ALJ erred in the weight she assigned these other opinions. ECF No. 11 at 8-10.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

1. **Rebekah A. Cline, Ph.D.**

On October 21, 2015, Dr. Cline examined Plaintiff and completed a Psychological/Psychiatric Evaluation of Plaintiff for the Washington Department of Social and Health Services. AR 364-68. She diagnosed Plaintiff with PTSD, panic disorder, and major depressive disorder. AR 366. She opined that Plaintiff had a marked limitation in the abilities to understand, remember, and persist in tasks by following detailed instructions, to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to make simple work-related decisions, to communicate and perform effectively in a work setting, to maintain appropriate behavior in a work setting, and to completed a normal work day and work week without interruptions

from psychologically based symptoms. AR 366-67. She also opined that Plaintiff had a moderate limitation in the remaining seven functional areas. *Id*. She stated that the Plaintiff had a marked overall severity based on the combined impact of all diagnosed mental impairments. AR 367.

The ALJ gave Dr. Cline's opinion "little weight" for four reasons: (1) she did not review any treatment notes prior to rendering her opinion; (2) she provided no explanation for the limitations she opined; (3) she provided no explanation for her statement on the exam findings; and (4) at the time of the evaluation, Plaintiff was not engaged in any mental health treatment. AR 25.

Plaintiff's challenge to the weight the ALJ assigned to Dr. Cline's opinion argued failed to address any of these reasons:

> In this case, the ALJ relied upon a few chart notes showing the Plaintiff responded to worsening with add[ed] stressors but fails to show how this is sufficient to legitimately overrule the opinions of Dr. Cline and Dr. Nestler. In other words, there is a failure to point to specific data within those two evaluations which is so inaccurate that it renders their opinions entitled to little or no weight. As a consequence, their opinions must be fully credited as a matter of law.

ECF No. 11 at 13. By failing to challenge the ALJ's reasons for assigning the opinion little weight, Plaintiff waived the issue before this Court. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2]

Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff's argument failed to address the reasons provided by the ALJ, the Court will not disturb the ALJ decision.

### 2. Kirsten R. Nestler, M.D.

On August 6, 2016, Dr. Nestler completed a consultative evaluation of Plaintiff. AR 529-34. She reviewed various mental health notes from 2014 and

---

[2] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

2015, the psychological evaluation from Dr. Cline, a Function Evaluation completed by Plaintiff on April 22, 2016, and a Function Reported completed by Plaintiff's bother on April 26, 2016. AR 529. She diagnosed Plaintiff with PTSD, major depressive disorder, panic disorder, and unspecified psychotic disorder. AR 533. She provided the following medical source statement:

> The claimant is able to manage funds in her own best interest.
>
> The claimant would not have difficulty performing simple and repetitive tasks, but would have difficulty performing detailed and complex tasks, due to her PTSD and depression.
>
> The claimant appears to have some cognitive deficits, which I suspect are due to chronic PTSD symptoms and severe depression. She had difficulty with multiple portions of the cognitive testing today and difficulty describing coherent history.
>
> The claimant would have difficulty accepting instructions from supervisors and would have difficulty interacting with co-workers and the public, due to her PTSD, depression, panic disorder, which all appear to be severely impacting her at this time.
>
> The claimant would have difficulty performing work activities on an extensive basis without special or additional instructions and would have difficulty maintaining regular attendance in the workplace.

AR 533-34.

The ALJ assigned the portion of the opinion finding that Plaintiff would not have difficulty performing simple and repetitive tasks great weight and the remainder of the opinion she assigned little weight for three reasons: (1) the opinion was vague; (2) the opined limitations were not supported by the routine

treatment notes; and (3) Plaintiff was able to work previously with her mental health impairments. AR 25.

Plaintiff addressed the ALJ's rejection of Dr. Nestler's opinion in the same paragraph she addressed Dr. Cline's opinion:

> In this case, the ALJ relied upon a few chart notes showing the Plaintiff responded to worsening with add[ed] stressors but fails to show how this is sufficient to legitimately overrule the opinions of Dr. Cline and Dr. Nestler. In other words, there is a failure to point to specific data within those two evaluations which is so inaccurate that it renders their opinions entitled to little or no weight. As a consequence, their opinions must be fully credited as a matter of law.

ECF No. 11 at 13. By only addressing the chart notes discussed by the ALJ, Plaintiff failed to challenge the remaining two reasons the ALJ gave for rejecting a portion of the opinion. *See Carmickle*, 533 F.3d at 1161 n.2. Even if the Court found that the ALJ erred in her finding that the opined limitations were inconsistent with the treatment notes, any error would be harmless because the remaining two reasons went unchallenged. *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination."). Therefore, the Court will not disturb the ALJ's treatment of Dr. Nester's opinion.

**B.      Plaintiff has not established that the ALJ erred at step three.**

Plaintiff argues that "if one accepts the opinions of the examining psychologists and the treating providers, with so many marked impairments, a fair

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14**

case can be made for a listing level impairment under 12.04, 12.06, or 12.15."
ECF No. 11 at 11.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not to consider his age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Here, Plaintiff's argument that the ALJ erred at step three is contingent on the Court finding that the ALJ erred in the treatment of the opinions from the examining providers, Dr. Cline and Dr. Nestler. ECF No. 11 at 13 ("As a consequence, their opinions must be fully credited as a matter of law. On that basis, the Plaintiff meets listing level impairment for 12.04, 12.06, and 12.15."). Since the Court found that the ALJ did not err in the weight of those opinions, Plaintiff's step three challenge fails.

**C.      Plaintiff has not established that the ALJ erred in evaluating Plaintiff's symptom statements.**

Plaintiff argues that the ALJ erred in evaluating her symptom testimony. ECF No. 11 at 6-11.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained in this decision." AR 21. The ALJ then summarized the medical evidence. AR 21-24.

The Ninth Circuit has specifically addressed that ALJ determinations that make a generic non-credibility finding followed by a summary of the medical evidence does not meet the "specific" portion of the "specific, clear and convincing" standard. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The ALJ did discuss situational stressors, the treatment notes, and reported daily

functioning, and found that they "fail to document a finding of complete disability," but did not state they were inconsistent with Plaintiff's reported symptoms. AR 24. While this discussion could be inferred as reasons to reject Plaintiff's symptom statements, any reason the Court must "infer" from the ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the "specific, clear and convincing standard." *Brown-Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, '[W]e are constrained to review the reasons the ALJ asserts.'" citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

The only specific reason provided by the ALJ was that "[d]espite the claimant's complaints of right hand and back pain the records show that she is able to engage in exertional tasks such as pulling hay bales, moving a table, lifting boxes and large totes of water, and serving as a caretaker for her mother and grandfather." AR 24. Plaintiff did not challenge the ALJ's finding that Plaintiff's physical complaints of pain were inconsistent with her reported physical activities. ECF No. 11 at 8 ("The Plaintiff stipulates to the RFC for the physical conditions as recited by the Administrative Law Judge."). Therefore, the Court will not disturb

///

the ALJ's rejection of Plaintiff's symptom statements. *See Carmickle*, 533 F.3d at 1161 n.2.

D. **Plaintiff has not established that the ALJ erred at step five.**

Plaintiff challenged the ALJ's step five determination by asserting that the ALJ's hypothetical to the vocational excerpt was based on an incomplete RFC. ECF No. 11 at 13-15. This challenge is premised on Plaintiff's argument that the ALJ erred in the weight assigned to the opinions of Dr. Cline and Dr. Nestler. *Id*. As addressed above, the Court will not disturb the ALJ's treatment of these opinions. Therefore, Plaintiff's step five challenge cannot succeed.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from harmful legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **GRANTED.**

///

///

///

///

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of June, 2021.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19**